**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**UNITED STATES OF AMERICA**                                  **PLAINTIFF**

v.                      No.    3:07CV00029  JMM/JTR

**DONALD LARRY WRIGHT** and
**CAROLYN SUE WRIGHT, his wife,**
**Individually and as Partners of Wright**
**Family Farms; UNICO BANK; and**
**STATE OF ARKANSAS, Department of**
**Finance and Administration, Tim**
**Leathers, Deputy Director and Revenue**
**Commissioner**; and **DEBORAH**
**ANN WRIGHT REDMANN**                              **DEFENDANTS**
**KEVIN M. BROWN, As Acting**                 **ADDITIONAL DEFENDANT**
**Commissioner of Internal Revenue Service**

**JUDGMENT**

Upon the application of the plaintiff, United States of America, U.S. Department of

Agriculture, Farm Service Agency, for default judgment against Defendants, Donald Larry Wright,

Carolyn Sue Wright, and Deborah Wright Redmann, together with affidavits showing that the above

named defendants are not infants or incompetent persons and are not in the military service of the

United States, and it appearing to the Court that said defendants and cross defendants, after having

been properly served as appears from the Clerk's file, have not answered, appeared herein or

otherwise made any defense to the plaintiff's complaint, or to the cross-claim of UNICO Bank, and

UNICO Bank and the State of Arkansas, DF&A, through their attorneys Harry Hurst and Mark

Ferguson, having consented to judgment as herein provided, it is hereby ORDERED, DECREED

and ADJUDGED:

1.  The Court has jurisdiction over the parties and over the subject matter of this cause of action.

2.  Cross Defendant, Donald Larry Wright, is in default on his obligation to Cross-Claimant, UNICO Bank, in the sum of $19,532.14, as of September 24, 2007, with interest accruing at the rate of $4.43 per day, plus late fees, and an attorney fee in the sum of $1,900. Cross Complainant UNICO Bank, is hereby awarded personal judgment against Cross Defendant, Donald Larry Wright, for said sum with interest to accrue after the entry of this judgment at the statutory rate, and *in rem* for such sums against the property described in Paragraph 3.

3.  The indebtedness owed UNICO Bank, is secured by a mortgage recorded May 26, 1992, in Mortgage Book 227, at Page 360-365 in the Office of the Circuit Clerk of Poinsett County, Arkansas, which constitutes a first lien on the following property in Poinsett County:

   **Lots 26, 27, and 28 in Block 1 of Bradford Addition to the Town of Weiner, Arkansas**

4.  Defendants, Donald Larry Wright and Carolyn Sue Wright, are in default on their obligation to plaintiff and are indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, in the principal sum of $129,577.86, interest in the sum of $14,297.66 accrued through October 6, 2006, and thereafter at the daily rate of $16.8628, to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges, and any additional advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action. Plaintiff, United States of America, U.S. Department of Agriculture, Farm Service Agency, is hereby awarded judgment *in rem* against the property described herein for the above

mentioned sums.  No personal judgment having been requested, none is rendered.

5. The above-described indebtedness due and owing to the United States of America, U.S. Department of Agriculture, Farm Service Agency, is secured by mortgages recorded in the records of the Circuit Clerk and Recorder for Poinsett County, Arkansas, as follows:

| Date of Mortgage | Date Filed | Filing Information |
| --- | --- | --- |
| March 25, 2004 | March 25, 2004 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 04-1181. |
| February 28, 2002 | February 28, 2002 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 02-0923. |
| February 9, 2001 | February 12, 2001 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 01-0521. |
| February 24, 2000 | February 24, 2000 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 00-688. |
| February 2, 1999 | February 2, 1999 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 99-415. |
| February 9, 1998 | February 9, 1998 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas as Instrument No. 98-573. |
| February 4, 1997 | February 4, 1997 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas in Mortgage Book 284, at Page 555. |
| January 19, 1996 (Signed by Larry Wright only) | January 19, 1996 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas in Mortgage Book 273, at Page 646. |

| | | |
|---|---|---|
| February 7, 1995 (Signed by Larry Wright only) | February 7, 1995 | Filed in the real estate records in the Office of the Circuit Clerk and Recorder of Poinsett County, Arkansas in Mortgage Book 265, at Page 375. |

The mortgages held by U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, constitute a **second lien** which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the Defendants **except Unico Bank**, and all person claiming by and through them, in and to the following described property in Poinsett County, Arkansas:

**Lots 26, 27, and 28 in Block 1 of Bradford Addition to the Town of Weiner, Arkansas.**

together with all improvements and appurtenances thereon.

6. The above-described property is subject to a Certificate of Indebtedness for income tax for the State of Arkansas, Department of Finance & Administration against Donald Larry Wright filed with the Poinsett CountyCircuit Clerk's Office, dated April 4, 2006,in the amount of $6,150.49. The Certificate of Indebtedness lien is subordinate and inferior to that of plaintiff's mortgages and UNICO's mortgage.

7. The Internal Revenue Service has a tax lien dated January 30, 2007, entered in Poinsett County, Arkansas, Judgment Docket "N" at Page 356 in theamount of$156,398.72 against Donald Larry Wright and Carolyn S. Wright. On counterclaim of UNICO Bank, said lien, which is subordinate and inferior, is hereby foreclosed. IRS retains its statute right of redemption under 28 U.S.C. § 2410 and 26 U.S.C. § 7425 for a period of 120 days.

8. If the above-described indebtedness due UNICO Bank, and United States of America, Farm Service Agency, is not paid within 10 days from this date, the United States Marshal is directed to sell the above described propertyat public auction to the highest bidder for cash, or on a credit of 60 days, at the South door of the Poinsett County Courthouse, Harrisburg, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, the purchase price shall be secured by one of the following methods at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U.S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the

property; provided, however, that the second highest bidder will have five (5) days from declaration of default in which to pay to the Marshal the amount of its bid, plus interest from date of sale. If either Unico or plaintiff was the second highest bidder, then its bid will be accepted by the Court as the successful bid, without the need for subsequent sale. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If UNICO Bank shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to it as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. TheMarshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

9. Upon the sale of the above-described real property, all right, title, claim, interest, estate, equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all of the defendants, Cross Defendants, and IRS, and each of them, and all persons claiming by or through them, in and to said property and every part thereof, shall from that date be foreclosed and forever barred, except the statutory right of redemption of IRS.

10. The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is herebyauthorized and directed to issue writs of assistanceto theUnited States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

11. The sale proceeds, after expenses of sale, shall be paid first to UNICO Bank, then to the United States of America, U.S. Department of Agriculture, Farm Service Agency, to the extent of the indebtedness owed to it, and then to the State of Arkansas, Department of Finance & Administration. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

12. The court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED: October 5, 2007

_____
UNITED STATES DISTRICT JUDGE

Approved By:

*/s/ Fletcher Jackson* Fletcher Jackson Assistant U. S. Attorney P. O. Box 1229 Little Rock, Arkansas 72203

*/s/ Mark S. Ferguson*
Mark S. Ferguson, Attorney for State of Arkansas, DF&A P.O. Box 1272, Room 2380 Little Rock, AR 72203-1272

**MIXON PARKER & HURST PLC** Post Office Box 1442 Jonesboro, AR 72403-1442 (870) 268-7602

By */s/ Harry S. Hurst, Jr.*
    Harry S. Hurst, Jr. (88116)
    Attorneys for Unico Bank